### A. J. TAUL v. EDMONDSON'S ADMINISTRATORS.

In 1862, T. furnished Confederate money to E., to be invested by the latter in wool, of which E. was to have one-third for his trouble. The wool was purchased by E., and a third person was selected to divide it between him and T. ; but in making the division, this third person, by miscalculation, made a mistake of several hundred pounds to T.'s prejudice. E. died, and his administrators were sued by T. for the value of the wool still due the latter. *Held*, that the court below erred by instructing the jury, in effect, that if the wool was bought with Confederate money, the plaintiff was not entitled to recover. Whether it was bought with Confederate money was an immaterial inquiry, which should not have affected the case.

APPEAL from Lamar.   Tried below before the Hon. A. H. Latimer.

The head-note states the material facts.

*Johnson & Bennett* and *F. W. Miner*, for the appellant.

*Walton & Green*, for the appellee.

WALKER, J.   This is a suit against the administrators of the estate of Turner B. Edmondson.   The position assumed by the appellant is favored by the decisions of this court.   The wool purchased by Edmondson in his life-time is certainly a subject of legal cognizance.   It is property, and, as such, the courts will adjudicate the rights of parties to it without inquiring whether it was purchased with Confederate money or not.

But a difficulty arises in this case, which is insisted on in this court, and is of such a character that, had it been taken advantage of in the court below, it would certainly have proved fatal to the action, unless the plaintiff could have answered the objections successfully.   The petition avers a due presentation of the account sued on, to one of the administrators, for allowance, and his refusal to allow the same.   The general denial of the defendants put this averment in issue, and the record does not show that any proof was offered to support it. The case, however, did not go off upon this point.   The charge of the court, evidently drawn up by the defendants' counsel, is so manifestly erroneous in its application to this case, that the judgment must be reversed and the cause remanded, which is done.

Reversed and remanded.